IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    19-CR-245 WPJ

JOSE RAEL,

        Defendant.

## MOTION TO DISMISS INDICTMENT

Jose Rael, by and through undersigned counsel, respectfully moves this Court to dismiss Count One of the indictment because it does not list the elements of the offense, does not provide fair notice of the offense charged, and does not protect against double jeopardy. As grounds for this motion, Mr. Rael states the following:

### I.    Background

Mr. Rael was arrested on January 9, 2019 pursuant to a criminal complaint alleging a single charge of making a threat via interstate communications contrary to 18 U.S.C. § 875(c). He has since been charged by indictment, on January 29, 2019, with an additional count of threatening an unidentified United States official contrary to 18 U.S.C. § 115(a)(1)(B) ("Section 115"). In general terms, the allegations are that Mr. Rael called the FBI complaint line and, during an

approximately fifteen-minute phone conversation, threatened one or more people.

## II.      The indictment

Count I of the indictment, alleging a violation of 18 U.S.C. § 115(a)(1)(B),

reads as follows:

> On or about January 5, 2019, in Santa Fe County and
> elsewhere, in the District of New Mexico, the defendant,
> JOSE RAEL, knowingly and willfully did threaten to
> assault and murder a United States official, whose killing
> would be a crime under 18 U.S.C. § 1114, with intent to
> impede, intimidate, and interfere with such official, and
> with intent to retaliate against such official on account of
> the performance of official duties.

Doc. 13.

## III.     The indictment should be dismissed because it does not meet basic requirements of notice and protection against double jeopardy.

The Court may dismiss an indictment if the facts alleged fail to invoke the

Court's jurisdiction or state an offense. Fed.R.Crim.P. 12(b). In the Tenth Circuit,

"an indictment is sufficient if it: (1) contains the essential elements of the offense

intended to be charged, (2) sufficiently apprises the accused of what he must be

prepared to defend against, and (3) enables the accused to plead an acquittal or

conviction under the indictment as a bar to any subsequent prosecution for the

same offense." *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir.1994); *see also*

*United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007). The indictment must also

satisfy the accused's constitutional right to be informed of the nature and cause of

the accusations made. U.S. Const. amend. VI; *Russell v. United States*, 369 U.S. 749, 761 (1962)

      a. **The indictment fails to advise Mr. Rael of the specific offense he is accused to have committed and therefore does not permit him a fair opportunity to defend the charge.**

An indictment that tracks the language of the charged statute may be, but is not necessarily, sufficient. *Russell*, 369 U.S. at 765 ("[I]t is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species,—it must descend to particulars."); *United States v. Sullivan*, 919 F.2d 1403, 1411 (10th Cir. 1990) (quoting *Russell*). This is because a statute's general terms may not provide the degree of specificity required to fairly inform the accused of the charge against which he must defend himself. *United States v. Moore*, 556 F.2d 479, 482 (10th Cir. 1977) ("[T]hough the language of a statute is often carried over into the indictment in a general description of an offense, it must still be accompanied by a statement which will inform the accused of the specific offense . . . .").

The identification of the target of the threat is essential to adequate notice of the offense. *See, e.g., United States v. Elonis*, 897 F. Supp. 2d 335, 340 (E.D. Pa. 2012), *aff'd*, 730 F.3d 321 (3d Cir. 2013), *rev'd and remanded*, 135 S. Ct. 2001, 192 L. Ed. 2d 1 (2015), and *aff'd*, 841 F.3d 589 (3d Cir. 2016) ("[w]hile the indictment in the present case is bare bones, it narrowly passes constitutional muster, with its

recitation of the dates of the communications and indication, at least by letter of alphabet, of the two victims."); *see also United States v. Williamson*, 903 F.3d 124, 131-32 (D.C. Cir. 2018).

In *Williamson*, the D.C. Circuit considered a challenge to the sufficiency of an indictment under Section 115 because, although it listed the official's position as a special agent with the FBI, it failed specifically to state the official duty or duties for which the defendant was alleged to have retaliated against the official. 903 F.3d at 131. The court's analysis turned on whether those particular duties were "the very core of criminality" under the statute and "central to every prosecution under the statute." *Id.* (quoting *Russell*, 369 U.S. at 752). The *Williamson* court explained that Section 115 criminalizes only those threats made "on account of the performance of official duties," as distinguished from threats made, for example, on account of a personal dispute with someone who happens also to be a federal official. *Id.* The court ultimately held that the indictment's tracking of the statute's language, *with its additional notice to the accused of the name and position of the federal official*, satisfied the Constitution and Rule 7(c). *Id.* at 131-32.

In *Russell* the issue was whether an indictment charging a violation of 2 U.S.C. § 192—requiring responses to "any question pertinent to the subject under inquiry" before a congressional committee—must specify the subject under inquiry. 369 U.S. at 752. The Court explained that the "core of criminality" under the

statute was pertinence to the subject matter, and therefore the indictment could not fairly inform the target of the indictment without specifying the subject matter. *Id.* Indictments under this statute, as a result, must go beyond the language of the statute to meet the requirements of the Constitution and Rule 7(c).

For 18 U.S.C. § 115(a)(1)(B), the centrality of the status of the threatened person and the relationship between the threat and the status is especially clear because threatening a federal official is a specific intent crime. *See United States v. Veach*, 455 F.3d 628, 633 (6th Cir. 2006) (differentiating 18 U.S.C. § 115(a)(1)(B) from 18 U.S.C. §111(a)(1) on the former's specific intent requirement); *United States v. Watkins*, 151 F.3d 1034 (7th Cir. 1998) (unpublished); *United States v. Stewart*, 420 F.3d 1007, 1017 (9th Cir. 2005) ("[A] conviction under [this] statute could only be had upon proof that the speaker intended the speech to impede, intimidate, interfere with, or retaliate against the protected official."). By the statute's own language, a person must have made a threat "with intent to impede, intimidate, or interfere with such official . . . while engaged in the performance of official duties, or with intent to retaliate against such official . . . on account of the performance of official duties . . . ." 18 U.S.C § 115(a)(1)(B).

Here, the indictment does not provide notice of the offense sufficient to prepare a legal or factual defense to the charge. As to the preparation of his legal defense, without notice about the position held by the "federal official," Mr. Rael

cannot raise the legal question of whether the particular alleged victim's position falls within the definition in 18 U.S.C. § 1114. *See United States v. Martin*, 163 F.3d 1212, 1214 (10th Cir. 1998) (observing that whether a person's position is encompassed by 18 U.S.C. §1114 is a legal question, and whether that particular person was engaged in the performance of federal duties is a jury question).

As to the preparation of his factual defense, Mr. Rael will be left to guess at what person the government believes to be a federal official and what federal official Mr. Rael is alleged to have threatened.

Mr. Rael cannot reasonably be expected to defend against a charge that he threatened an unidentified person specifically intending to retaliate that person for performing unstated official duties. For this reason, the indictment is deficient in that it provides inadequate notice of the specific offense.

   **b.  The indictment fails to state all essential elements of the crime.**

The indictment's failure to list the identity, at least by initials, of a particular alleged victim, and its failure to state the position of that person that makes him or her a federal official means that it does not list all elements of the offense. No circuit court has adopted pattern jury instructions for Section 115(a)(1)(B), but the most reliable treatise on the issue lists the following elements:

> In order to prove the defendant guilty of threatening a federal official, the government must prove each of the following elements beyond a reasonable doubt:

> First, that the defendant threatened to assault, kidnap, or murder [name of victim];
>
> Second, that at the time of the alleged threat, [name of victim] was a federal official; and
>
> Third that the defendant acted with the intent to impede, intimidate, or interfere with that official while he or she was engaged in the performance of his or her official duties (or with the intent to retaliate against that official on account of the performance of his or her official duties).

2 L. Sand, et al., Modern Federal Jury Instructions—Criminal, 14-34, Instruction 14-13. Defense counsel surveyed other cases resulting in opinions by the Tenth Circuit and located five cases that proceeded to trial, and were new enough that the trial case documents were available on PACER. Of those five, four were charged by an indictment or information that included the name and position of the federal official. *See* Collected Indictments and Jury Instructions, attached as Exhibit A. Those four either included the name (or other identifier) and position of the federal official in the jury instructions, or referred to a victim that had already been identified in the indictment or information.

In only a single case did the indictment not identify the federal official and his or her position. *United States v. Bazuaye*, 12-CR-10248-01-EFM (D. Kan.). *See* Exhibit A-5. The defendant did not challenge

the sufficiency of the indictment and his proposed jury instructions did not include the name of a particular federal official. *Bazuaye*, Doc. 25.

It appears that the practice of the United States Attorney's Office when charging violations of Section 115 has been consistent with the requirement that the identity of the alleged victim and that person's qualifying position be listed in the indictment. Defense counsel has identified what he believes to be all of the cases containing a charge of 18 U.S.C. § 115 that the Federal Public Defender has handled during the time his office's current case management system has been in use (at least since 2011). Of those, every single indictment (1) identifies the alleged victim by initials at least, and in some cases by full name, and (2) lists that person's qualifying position. *See* Copies of Indictments Under 18 U.S.C. § 115, attached as Exhibit B.

    c. **The indictment is defective in that it does not allow protection against double jeopardy.**

The indictment must contain sufficient detail to permit the accused to avoid being placed in jeopardy again for the same offense. *Russell*, 369 U.S. at 763-64. This indictment could hardly be less specific. The date but no time is listed for either count. Although the place of the offense is said to be Santa Fe County, that language is modified with "and elsewhere," effectively expanding the place of the offense to the entire state of New Mexico. The medium through which the threat

was allegedly made is not stated. The alleged victim is not identified in any way, even by initials, that would allow Mr. Rael to link the general allegations with particular facts. Finally, the federal official's position is not listed.

The lack of specificity means that the indictment provides no protection against a subsequent prosecution, for example, for threatening a different federal official on the same day, or even the same federal official through a different medium at a different time. Such a vague indictment completely fails to satisfy the requirement that an indictment provide detail sufficient to protect against double jeopardy.

## IV.   The indictment does not protect Mr. Rael's Fifth Amendment right to be prosecuted only on an indictment by a grand jury.

An indictment serves "as a link between the grand jury's consideration and the prosecutor's case at trial." *United States v. Piccolo*, 696 F.2d 1162, 1166-67 (6th Cir.), *vacated on other grounds*, 705 F.2d 800 (1983). The indictment also prevents the prosecutor from "modifying the theory and evidence upon which the indictment is based." *United States v. Silverman*, 430 F.2d 106, 110 (2d Cir. 1970), *cert. denied*, 402 U.S. 953 (1971). Without the link between grand jury consideration and post-indictment prosecution guaranteed by a sufficiently detailed indictment, there is an unacceptable risk that a "defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him. *Russell*, 369 U.S. at 770. The indictment in this case does not contain

sufficient detail to protect Mr. Rael's Fifth Amendment right to be tried only on the

basis of grand jury indictment because it does not present any particular theory of

criminal liability that would inform Mr. Rael or direct the prosecution.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas Blvd. NW
Suite 501
Albuquerque, NM 87102

By:      /s/   Hans Erickson
         HANS P. ERICKSON
         Assistant Federal Public Defender