# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                Case No. 19-CR-245-WPJ

JOSE RAEL,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT (Doc. 27)

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss Indictment. [Doc. 27, filed April 5, 2019]. Having reviewed the parties' briefs and applicable law, the Court determines that a hearing is not necessary and denies Defendant's motion.

## BACKGROUND

Defendant called the Federal Bureau of Investigation ("FBI") to complain that police, including federal police agencies such as the Drug Enforcement Administration ("DEA"), were illegally surveilling him, illegally tapping his phone, and that he could not go anywhere without law enforcement following him around. [Doc. 27 at 1-2; Doc. 28 at 1-2]. Defendant claimed that he had more guns than the FBI, that he viewed the police as his enemy because of their illegal surveillance, and that he would shoot anyone who came at him as an enemy, which included DEA agents. [Doc. 27 at 1-2; Doc. 28 at 1-2]. Defendant did not name any specific DEA agent or any specific federal law enforcement officer. [Doc. 27 at 1-2; Doc. 28 at 1-2].

On January 9, 2019, Defendant Jose Rael was arrested pursuant to a criminal complaint alleging a single charge of making a threat via interstate communications contrary to 18 U.S.C. Section 875(c). On January 29, 2019 Defendant was charged by indictment with an additional

count of threatening a United States official contrary to 18 U.S.C. Section 115(a)(1)(B). Through the present motion, Defendant challenges Count I of the indictment.

The challenged count states:

> On or about January 5, 2019, in Santa Fe, County and elsewhere, in the District of New Mexico, the defendant, **JOSE RAEL**, knowingly and willfully did threaten to assault and murder a United States official, whose killing would be a crime under 18 U.S.C. § 1114, with intent to impede, intimidate, and interfere with such official, and with intent to retaliate against such official on account of the performance of official duties.
> In violation of 18 U.S.C. § 115(a)(1)(B).

[Doc. 13].

## STANDARD

"Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion." *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994). When testing an indictment's sufficiency before trial, an indictment's allegations are taken as true, and courts should not consider evidence outside of the indictment. *See id.* The basic constitutional standard by which to judge the sufficiency of an indictment is mandated by the Sixth Amendment which requires that the indictment inform the defendant of "the nature and cause of the accusation." U.S. Const., Amend. VI. This standard is expressed by Fed.R.Crim.P. 7(c)(1), which states, in part, that the indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."

"An indictment is deemed constitutionally sufficient if it (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead an acquittal or conviction under

the indictment as a bar to any subsequent prosecution for the same offense." *Id.* (citing *Russell v. United States*, 369 U.S. 749, 763–64 (1962)).

## DISCUSSION

I. **Whether the indictment (1) contains essential elements of the offense; (2) sufficiently apprises the accused of what he must be prepared to defend against and (3) enables the accused to plead an acquittal or conviction under the indictment as a bar to any subsequent prosecution for the same offense.**

The Court will address the *Russell* prongs in the order addressed by Defendant in his motion. Defendant first argues the second prong. Defendant argues that the indictment does not provide sufficient notice of Count I of the indictment to prepare a legal or factual defense to the charge. Defendant argues that because no specific victim has been named in the indictment, he cannot raise the legal question of whether the particular alleged victim's position falls within the definition of 18 U.S.C. § 115(a)(1)(B), and as to the preparation of his factual defense, Defendant claims that he will be left to guess at what person the government believes to be a federal official and what federal official Defendant is believed to have threatened.

Tracking the language of the statute is generally sufficient as long as the indictment sets forth the elements of the offense and provides a statement of facts that informs the defendant of the specific offense. *See Hamling v. United States*, 418 U.S. 87, 117-18 (1974); *see also United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988). An indictment need not, however, allege in detail the factual proof that the government will rely on to support the charges. *See Dunn*, 841 F.2d at 1029 (holding that defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case, and denial of a bill of particulars request from the defendant was not abuse of discretion).

Section 115(a)(1)(B) of Title 18 of the United States Codes states:

> Whoever threatens to assault, kidnap, or murder, a United States official, a United States Judge, a Federal law enforcement officer, or an official whose killing would be a crime under [Section 1114], with intent to impede, intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such official, judge, or law enforcement officer on account of the performance of such duties, shall be punished . . . .

18 U.S.C. § 115(a)(1)(B). Section 1114 makes it a federal offense to kill or attempt to kill "any officer or employee of the United States or of any agency in any branch of the United States Government . . . while such officer or employee is engaged in or on account of the performance of official duties." 18 U.S.C. § 1114.

Section 115(c)(1) defines "Federal law enforcement officer" as: "any officer, agent, or employee of the United States authorized by law or by a Government agency to engage in or supervise the prevention, detection, investigation, or prosecution of any violation of Federal criminal law[.]" 18 U.S.C. § 115(c)(1).

The Court does not find Defendant's arguments persuasive. Under Defendant's theory that the indictment must name a specific individual under Section 115, a defendant may not be criminally liable if the defendant makes broad threats that do not encompass a specific federal official. Defendant claims that it is established that the indictment must identify an individual target of the threat, relevant to Section 115. [Doc. 27 at 3 (citing *United States v. Elonis*, 897 F. Supp. 2d 335, 340 (E.D. Pa.2012), *aff'd*, 730 F.3d 321 (3d Cir. 2013), *rev'd and remanded*, 135 S. Ct. 2001, 192 L.Ed. 2d 1 (2015), and *aff'd*, 841 F.3d 589 (3d Cir. 2016))]. The Court disagrees.

As explained by the Supreme Court in *United States v. Elonis*, the case concerned a prosecution under Section 875(c), not Section 115 making it distinguishable from the case at hand. 135 S. Ct. 2001, 192 L.Ed. 2d 1 (2015). There, the Supreme Court held that it was error for the jury to be instructed they need only find that a reasonable person could regard the defendant's

4

communications as threats. *Id*. *Elonis* did not analyze any requirement to identify an individual on the face of the indictment. *Id*.

Next, articulating the same argument, Defendant argues that under the first prong, Count I of the indictment should be dismissed because not all the elements of the crime are met since the indictment does not name a specific individual.

The Tenth Circuit has not set out the elements necessary to convict a defendant under Section 115(a)(1)(B), however, in the Ninth Circuit, tracking the language of the statute, the elements that the government must establish to convict a defendant for threatening a United States official, judge, or federal law enforcement officer are:

> (1) The defendant made a threat;
> (2) Against a federal law enforcement officer, United States official or judge;
> (3) With the intent to impede, intimidate, interfere with or retaliate against that officer or official;
> (4) While he or she was engaged in or on account of the performance of his or her official duties.

*United States v. Orozco-Santillan*, 903 F.2d 1262, 1265 (9th Cir. 1990). Specific to this inquiry is the second element—Defendant appears to concede that all other elements are met.

Certainly, making a threat to more than one DEA agent falls under the second element. Defendant made threats to more than one DEA agent when he stated that police, including federal police agencies such as the DEA were illegally surveilling him, illegally tapping his phone, and that he could not go anywhere without them following him around and then claimed that he had more guns than the FBI, that he viewed the police as his enemy because of their illegal surveillance, and that he would shoot anyone who came at him as an enemy, which included DEA agents. It is apparent from the motion that Defendant wants the Court to read the word "a" and the term "such official" in this statute to mean that a particular individual must be named. The Court will not give the statute such a reading because such reading would be impracticable and would have severe

consequences, and under a plain reading of the statute, the Court is able to determine that all the elements are met in the charging document. *Lamie v. U.S. Tr.*, 540 U.S. 526, 534, (2004) ("It is well established that when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." (internal citations and quotation marks omitted)).

Finally, Defendant argues that the indictment does not prevent against double jeopardy because although the date of the offense is listed, the time is not listed for either count. Moreover, he argues that because the indictment states that the offenses occurred in Santa Fe County, New Mexico "and elsewhere" these statements do not protect against double jeopardy since there is a lack of specificity.

Despite the lack of evidentiary specificity required in the indictment, Federal Rule of Criminal Procedure 7 allows the court to direct the government to provide the defendant with a bill of particulars. Fed.R.Crim.P. 7(f). The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense. *See United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992). A defendant seeking a bill of particulars must do so "before or within 10 days after arraignment . . . ." Fed.R.Crim.P. 7(f).[1] "A bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprise[s] the defendant of the charges to enable him to prepare for trial." *Id.* at 167 (internal citations and quotations omitted). "The defendant is not entitled to notice of all of the evidence the government intends to produce[.]" *Id.* (internal citations and quotations omitted).

Here, the indictment cites the particular statutes for the charged crimes and generally tracks the language of the respective statutes. The indictment also includes the dates of the illegal activity,

---

[1] Defendant was arraigned on February 5, 2019, well past the allotted time under the Federal Rules of Criminal Procedure.

the place where the crime occurred, and the violative conduct. *Dunn*, 841 F.2d at 1029 (affirming denial of motion for a bill of particulars in a drug case where the indictment tracked the statutory language and included the dates of illegal activity, place, and specific controlled substance).

Furthermore, where the government has provided full discovery which apprises the defendant of the charges, no more specific facts need to be provided through a bill of particulars. *United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995) (affirming denial of motion for bill of particulars where the government had provided the defendant with full discovery, which was "sufficient to inform [the defendant] of the charges against him and to enable him to prepare his defense"). The Government states that it has provided the discovery and Defendant does not deny this occurred. Accordingly, the indictment provides enough information for Defendant to avoid surprise and to bar the risk of double jeopardy. The Court finds that the indictment protects against double jeopardy and meets all the *Russell* prongs.

**II.  Whether indictment protects Defendant's rights to be prosecuted only on an indictment by a grand jury.**

Defendant contends that the indictment does not list the theory of the case by which the Government presented evidence to the grand jury before it issued the indictment in this case, and as a result, the indictment should be dismissed.

To support his contention, Defendant cites *United States v. Piccolo*, 696 F.2d 1162, 1166-67 (6th Cir.), *vacated on other grounds*, 705 F.2d 800 (1983), *United States v. Silverman*, 430 F.2d 106, 110 (2d. Cir. 1970), *cert. denied*, 402 U.S. 953 (1971), and *Russell*, 369 U.S. at 770. In all those cases, the defendant moved for a bill of particulars. *See Piccolo*, 696 F.2d at 1166; *Silverman*, 430 F.2d at 118; and *Russell*, 369 U.S. at 770, 780, 789, 790 (referencing bill of particulars throughout opinion). This case is distinguishable from the cases cited by Defendant.

As explained in the previous section, Defendant should have moved the Court for a bill of particulars in a timely manner. The Court finds that this argument is misplaced at this stage of the proceedings and, through the Court's own research, cannot determine a well-founded legal basis for this argument.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Indictment, [Doc. 27, filed April 5, 2019], is hereby **DENIED** for reasons described in this Memorandum Opinion and Order.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE