IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>        Plaintiff, )<br>  )  Case No. 19-CR-0245-WJ<br>    vs. )<br>  )<br>JOSE RAEL, )<br>  )<br>        Defendant. ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

The United States respectfully files this sentencing memorandum regarding defendant Jose Real ("Defendant"). The United States has received the second Presentence Investigation Report ("PSR") and has no objections thereto. The United States notes that Defendant has a final offense level of six, a criminal history category of II, and therefore an advisory Guidelines range of 1-7 months. The United States requests the Court depart or vary upwards to impose a sentence of 18 months imprisonment.

The United States requests an upward departure under U.S.S.G. § 4A1.3(a) for significant underrepresentation of criminal history. Though the Probation Office has correctly calculated the criminal history points attributable to Defendant for his past convictions, that number of points severely under-represents Defendant's criminal history and the dangerousness he represents because of it. Defendant's domestic violence conviction from 1999 (PSR ¶ 38), his DWI conviction from 2001 (¶ 39), his assault conviction from 2004 (¶ 40), his DWI conviction from 2005 (¶ 41), his battery on a peace officer, domestic violence, and aggravated battery conviction from 2005 (¶ 42), and his battery conviction from 2005 (¶ 43) all result in zero

criminal history points, because of their age.  Defendant has additional police contacts for domestic violence in 2003 (¶ 49), assault in 2004 (¶ 50), residential burglary, a violent felony, in 2006 (¶ 51), assault on a police officer again in 2006 (¶ 56), assault again in 2008 (¶ 52), marijuana distribution in 2013 (¶ 57), threatening / harassing speech in 2017 (¶ 53), and the assault behavior that led to his arrest on the indictment in the instant case (¶ 60) that also did not result in any criminal history points.  But these past contacts and convictions, along with the DWI and violent behavior that did result in criminal history points (¶¶ 44, 46), establish a clear pattern: Defendant is unable to control his drinking, and is consistently violent when he drinks, including domestic violence and violence against police.  That is directly relevant to the instant offense conduct, which appears to be that Defendant, after drinking, threatened to kill any police officer or DEA agent he believed to be surveilling or following him.  The dangerousness described by this pattern of police contacts and criminal convictions is far greater than one might normally expect to see in Criminal History Category II.  The United States requests an upward departure to treat Defendant as if he were Criminal History Category IV or, in the alternative, an upward variance of equivalent magnitude.

  The Probation Office appears to be correct not to assess a +6 offense level increase for official victim under U.S.S.G. § 3A1.2(b), because application note 1 seems to require an individual identified victim of the threats.  But Defendant did not threaten a government agency, or the government generally.  He threatened any individual member of the DEA who he believed to be surveilling or following him.  The United States requests an upward variance to split the difference between threatening a specific, named victim, which did not happen, and merely threatening an agency or the government generally, which is also not a fair and complete way of

describing the offense conduct.  That would be an equivalent upward variance of three levels, to an effective final offense level of 9.

An effective final offense level of 9 after a variance, with a Criminal History Category of IV after a departure or equivalent variance, would establish an effective advisory Guidelines range of 12-18 months.  The United States requests a sentence at the high end of that equivalent range.  Those variances, and the high-end-equivalent sentence the United States requests, are justified by the needs described in 18 U.S.C. § 3553(a) to promote respect for the law, to deter criminal conduct both specific to this defendant and more generally, and to protect the public from crimes of the defendant.  Defendant was not merely mistaken in his belief that he was being followed, surveilled, and wire-tapped by the DEA and other police agencies, though he was incorrect about that.  But even if the DEA and other police had been investigating him in those ways, to kill or threaten to kill them for it is the least acceptable way of responding to that circumstance.  Society cannot tolerate that sort of response to perceived police conduct, and this Court should strongly condemn it by issuing a substantial prison sentence.

The filing of this sentencing memorandum in CM/ECF caused a copy to be served electronically on Hans Erikson, Esq., counsel for Defendant.

    Respectfully submitted,

    JOHN C. ANDERSON
    United States Attorney

    *Electronically filed November 1, 2019*
    PAUL MYSLIWIEC
    Assistant United States Attorney
    P.O. Box 607
    Albuquerque, New Mexico  87103
    (505) 346-7274
    paul.mysliwiec@usdoj.gov